**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTH ANN CHEESMAN, | No. 10-35689 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-03094-LRS |
| v. | |
| AMERITITLE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted February 28, 2012**

Before: LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

Ruth Ann Cheesman appeals pro se from the district court's summary

judgment in her employment action alleging discrimination, harassment, and

retaliation in violation of Title VII, and related state law claims. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Cheesman's discrimination and retaliation claims because Cheesman failed to raise a genuine dispute of material fact as to whether AmeriTitle's legitimate, nondiscriminatory reason for terminating Cheesman was pretextual.  *See id.* at 640-42 (circumstantial evidence of pretext must be specific and substantial); *see also Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) ("[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive.").

The district court properly granted summary judgment on Cheesman's harassment claim because Cheesman failed to raise a triable dispute as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.  *See Vasquez*, 349 F.3d at 642 (listing elements of a hostile work environment claim, discussing factors for determining whether conduct is severe or pervasive, and requiring that the work environment be both subjectively and objectively abusive).

The district court properly granted summary judgment on Cheesman's

wrongful termination claim because Cheesman failed to raise a triable dispute as to whether her "public-policy-linked conduct was a substantial factor" in AmeriTitle's decision to terminate her. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 971 (9th Cir. 2002) (citation and internal quotation marks omitted) (elements of wrongful discharge claim under Washington law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal, including those concerning defendant's alleged exploitation of Cheesman, defendant's interviewing practices, and Cheesman's productivity compared to all other employees. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Cheesman's requests for further discovery are denied.

Cheesman's remaining contentions are unpersuasive.

**AFFIRMED.**